UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| TRAMAINE E. MARTIN, | ) | Case No.: 1:13 CV 1750 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CLEVELAND HEIGHTS | ) | MEMORANDUM OF OPINION |
| POLICE DEPARTMENT, | ) | AND ORDER |
| | ) | |
| Defendant | ) | |


*Pro se* Plaintiff Tramaine  E. Martin filed this action pursuant to 42 U.S.C. § 1983 against

the Cleveland Heights Police Department.  In the Complaint, Plaintiff alleges Defendant published

information concerning his arrest using social media.  He asserts that this damaged his reputation

in the community, and denied him due process.  He seeks monetary damages.

## Background

Plaintiff was arrested in Cleveland Heights, Ohio on July 14, 2013, and was charged with

several counts of petty theft.  He was transferred to the Cuyahoga County Jail on July 17, 2013, on

a felony complaint of theft from Cleveland Heights.  Seven days later, Plaintiff spoke to his

girlfriend, with whom he shared a Cleveland Heights apartment, and learned that she had been

approached by their neighbors with inquiries of whether she was in possession of property that had

been stolen from them.  Their landlord also approached his girlfriend and informed her that she

would be evicted if Plaintiff returned to the residence.  Plaintiff indicates he discovered on August 1,

2013, that his arrest booking photo, name, address, date of birth and alleged crimes had been posted by the Cleveland Heights Police Department to the "iWatch" website and to Facebook.  He alleges that within hours of his arrest, Defendant also sent out mass text message alerts, emails, and social media posts stating that Plaintiff had been arrested for committing multiple automobile break-ins, giving the impression that he had been found guilty of the charges.  He asserts that the Cleveland Heights Police Department effectively caused his eviction, tarnished his reputation, tainted the jury pool and determined his guilty, all without due process.

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U .S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The

Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## Analysis

Plaintiff contends the publication of his arrest information in a manner suggesting he was guilty of the crimes denied him due process. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without

3

due process are subject to suit under 42 U.S.C. § 1983.  *Id*.

The Due Process Clause has a procedural component and a substantive one.  The two components are distinct from each other because each has different objectives, and each imposes different constitutional limitations on government power.  A procedural due process limitation, unlike its substantive counterpart, does not require that the government refrain from making a choice to infringe upon a person's life, liberty, or property interest.  It simply requires that the government provide "due process" before making such a decision.  *Howard v. Grinage*,  82 F.3d 1343, 1349-53 (6th Cir. 1996).  The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process.  *Id*.  Procedural due process requires that an individual be given the opportunity to be heard "in a meaningful manner."  *See Loudermill v. Cleveland Bd. of Educ*., 721 F.2d 550, 563 (6th Cir. 1983).  Many procedural due process claims are grounded on violations of state-created rights, or rights that do not enjoy constitutional standing.  *See Id*.  The rationale for granting procedural protection to an interest that does not rise to the level of a fundamental right is to prevent the arbitrary use of government power.  *Howard*,  82 F.3d at 1349.  Procedural due process claims do not consider the egregiousness of the deprivation itself, but only question whether the process accorded prior to the deprivation was constitutionally sufficient.  *Howard*, 82 F.3d at 1350.  Although the existence of a protected liberty or property interest is the threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986).  Substantive due process serves as a

4

vehicle to limit various aspects of potentially oppressive government action. *Id.* It serves as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the conscious," as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349.

### 1. Procedural Due Process

To the extent Plaintiff intends to assert a procedural due process claim, it is subject to dismissal. To state a claim for denial of procedural due process, Plaintiff must plead and prove either that he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights; or that the defendants deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983).

Under this standard, Plaintiff must first establish that he was deprived of a protected liberty or property interest. *Macene*, 951 F.2d at 706. The Supreme Court has recognized a limited liberty interest "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him." *Board of Regents v. Roth*, 408 U.S. 564, 573 (1972). *See also Med. Corp., Inc. v. City of Lima*, 296 F.3d 404, 413-14 (6th Cir. 2002). Injury to reputation alone, however, is not sufficient to create a constitutionally protected liberty interest. *Paul v. Davis*, 424 U.S. 693, 701 (1976). As the Supreme Court stated, "The frequently drastic effect of the 'stigma' which may result from defamation by the government ... does not establish the proposition that

5

reputation alone, apart from some more tangible interests such as employment, is either 'liberty' or 'property'…sufficient to invoke the procedural due process protection of the Due Process Clause." *Id.* at 701.   Instead, Plaintiff must show that the state's action both damaged his reputation and "deprived [him or her] of a right [such as employment] previously held under state law."  *Id*. at 708. When Plaintiff has satisfied the "stigma-plus" test, due process requires the government to provide an opportunity for him to respond to the government's charges through a hearing to clear his name. *Roth*, 408 U.S. at 573.

Here, although Plaintiff alleges he was stigmatized by the dissemination of his arrest information, he failed to show that the Defendant also deprived him of a state created right or interest.  He claims his neighbors came to the apartment and harassed his girlfriend.  He also claims her landlord told her that Plaintiff could no longer stay with her.  Those allegations demonstrate the stigmatizing effect of Defendant's actions.  The Defendants, however, did not also deprive Plaintiff of a state interest.  The actions Plaintiff described were taken by the landlord, and neighbors of his girlfriend.  Aside from publishing information that tarnished Plaintiff's reputation in the community, Defendant did not deprive Plaintiff of a separate right or interest.

Moreover, even if Plaintiff's right to procedural due process were implicated, the criminal trial process provided Plaintiff an opportunity to clear his name of the criminal charges.  Plaintiff entered into a plea agreement and pled guilty to a misdemeanor charge of theft.  He therefore was given all procedural protections due process requires.

### 2. Substantive Due Process

Plaintiff's substantive due process claim is also subject to dismissal.  Due process claims of this nature involve official acts which cause a deprivation of a substantive fundamental right, or are

6

so egregious that they "shock the conscience." *Mertik v. Blalock*, 983 F.2d 1353,1367 (6th Cir. 1993). *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*

Substantive due process protects two types of privacy rights. It protects an individual's right to make "personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education." *Lawrence v. Texas*, 539 U.S. 558, 574 (2003). It also protects an individual's "interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977); *see Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 457 (1977); *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1062 (6th Cir. 1998); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *J.P. v. DeSanti*, 653 F.2d 1080, 1088-91 (6th Cir. 1981). Plaintiff's claim that the Cleveland Heights Police denied him due process when it published his mug shot and the information contained in the police report. Thus, his claim arguably invokes the second line of cases.

In *Paul v. Davis*, 424 U.S. at 694-96, the plaintiff alleged that police officials, after arresting him for shoplifting, violated his constitutional rights when they included his name and mug shot in a flyer alerting local merchants to possible shoplifters. The Supreme Court rejected his constitutional substantive due process privacy claim as "far afield" from the Court's privacy decisions. The Court explained that it was "based, not upon any challenge to the State's ability to restrict his freedom of action in a sphere contended to be 'private,' but instead on a claim that the State may not publicize

7

a record of an official act such as an arrest." *Id*. at 713. The Court states, "[n]one of our substantive privacy decisions hold this or anything like this," the Court explained, "and we decline to enlarge them in this manner." *Id*.

The Sixth Circuit, applying *Davis*, also found an individual has no constitutional right to privacy in the criminal record pertaining to him. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (finding Court Clerk's publication of arrest records including social security numbers and birth dates did not implicate a constitutional right of privacy, even when plaintiff became the victim of identity theft as a result of the publication)*; Cline*, 87 F.3d at 179 (adults have no right to privacy in criminal record); *DeSanti*, 653 F.2d at 1088 (juveniles do not have a right to privacy in juvenile records because "the Constitution does not encompass a general right to nondisclosure of private information"). In the Sixth Circuit, an information right of privacy has been recognized only where the release of that information implicates a fundamental right. To date, the Circuit has found a right to privacy in the governmental dissemination of information in only two situations: (1) where the release of the personal information could lead to bodily harm, *see Kallstrom,* 136 F.3d at 1062; and (2) where the information released was of a sexual, personal, and humiliating nature, *see Bloch v. Ribar*, 156 F.3d 673, 685 (6th Cir. 1998). In all other situations, the Circuit has rejected a general constitutional right of nondisclosure of personal information by government officials. *Lambert*, 517 F. 3d at 442.

Based on these principles, Martin has not established a violation of substantive due process. He has not alleged facts to suggest the government's publication of his arrest on charges of theft of personal items from vehicles violated a fundamental right protected by the Constitution. There is no general fundamental right of informational privacy, and Plaintiff does not allege facts suggesting

8

the information itself placed him in immediate danger of bodily harm, or involved matters of sexuality.    Moreover, in light of the Supreme Court's decision in *Paul* and the Sixth Circuit's decision in *Lambert*, this court does not conclude that the actions of the Cleveland Heights Police Department in sending mass text messages of Plaintiff's arrest information and photo "shocked the conscience." *Salerno*, 481 U.S. at 746.  In *Paul*, the Supreme Court found no substantive due process violation when the police distributed to local businesses flyers containing arrest photos and personal information of individuals arrested for shoplifting.  In *Lambert*, the Sixth Circuit found no substantive due process violation in posting booking information, complete with social security numbers, on the court's website.  Disseminating arrest information through social media is not significantly different from posting flyers in stores or making the information available electronically on a website.  Plaintiff fails to state a claim for denial of substantive due process.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED**.**

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 23, 2014

-----

[1]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

9